Filed 7/31/23  P. v. Dominguez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B321143 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 2PB00742) |
| v. | |
| ANGEL DOMINGUEZ, | |
| Defendant and Appellant. | |

THE COURT:

Angel Dominguez appeals from an order denying his motion to dismiss a petition for revocation of postrelease community supervision (PRCS).  We appointed counsel to represent Dominguez on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record.

## BACKGROUND

On October 11, 2017, Dominguez pleaded no contest to one count of grand theft in violation of Penal Code[1] section 487, subdivision (c). The court sentenced Dominguez to the upper term of three years in state prison. Execution of sentence was suspended, and Dominguez was placed on formal probation for three years. Probation was revoked on January 8, 2018, and the court imposed the previously suspended three-year state prison term. Dominguez was placed on PRCS on January 9, 2020.

Dominguez was arrested on February 1, 2022, for driving a vehicle without the owner's consent in violation of Vehicle Code section 10851, subdivision (a). On February 28, 2022, a petition for revocation of PRCS was filed, alleging Dominguez had violated the conditions of supervision by (1) engaging in criminal conduct; (2) failing to inform the supervising agency of his February 1, 2022 arrest; and (3) driving a vehicle without the owner's permission. At a hearing on February 28, 2022, the superior court found probable cause to support revocation and preliminarily revoked PRCS. The court ordered an arrest warrant issued, with bail set at $45,000.

Dominguez was arrested on May 11, 2022, on the warrant after fleeing from police. The probation officer imposed a "flash incarceration" under section 3454[2] in order to hold Dominguez in

---

[1] Undesignated statutory references are to the Penal Code.

[2] Section 3454, subdivision (c) defines " 'flash incarceration' " as "a period of detention in a city or county jail due to a violation of an offender's conditions of postrelease supervision. The length of the detention period can range between one and 10 consecutive days. Flash incarceration is a

custody until his court appearance because he had fled from police more than six times since the warrant had been issued.

On May 17, 2022, Dominguez moved to dismiss the petition for revocation of PRCS on the ground that Dominguez had been subject to a flash incarceration based on the conduct underlying the petition. The superior court denied the motion without prejudice pending further investigation of the circumstances of the arrest and flash incarceration, and set an order to show cause (OSC) regarding the motion to dismiss.

At the hearing on the OSC on May 20, 2022, the superior court denied Dominguez's motion to dismiss the petition for revocation of PRCS. The court explained that under section 3454, a flash incarceration is an intermediate sanction for a probation violation which the supervising county agency may only impose before or in lieu of filing a petition to revoke PRCS. Section 3455, subdivision (a) in turn provides that if the supervising agency determines that intermediate sanctions under section 3454, subdivision (b) (such as flash incarceration) are not appropriate, the "agency shall petition the court pursuant to section 1203.2 to revoke, modify, or terminate [PRCS]." The court concluded that in this case, by filing a revocation petition with the court, the probation department lost its authority to impose any intermediate sanction and the May 11, 2022 flash incarceration imposed on Dominguez therefore "was a nullity."

_____

tool that may be used by each county agency responsible for postrelease supervision. Shorter, but if necessary more frequent, periods of detention for violations of an offender's postrelease supervision conditions shall appropriately punish an offender while preventing the disruption in a work or home establishment that typically arises from longer term revocations."

Nevertheless, because the probation department had authority under section 3455, subdivision (c) to hold Dominguez in custody on the warrant pending the first court appearance on the revocation petition, the court found that he was not prejudiced by the erroneous imposition of a flash incarceration on May 11, 2022.

Based on Dominguez's admission, the superior court found Dominguez in violation of the conditions of his PRCS. The court revoked and reinstated PRCS on the same terms and conditions, modified to include 150 days' confinement in county jail.

On May 20, 2022, the superior court granted Dominguez's request for a certificate of probable cause, and a timely notice of appeal was filed.

## DISCUSSION

Based on our examination of the entire record we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order denying the motion to dismiss the petition for revocation of postrelease community supervision is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

LUI, P. J.         ASHMANN-GERST, J.         HOFFSTADT, J.

4